UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASHLEY EGGL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-CV-310 |
| | ) |
| CHOSEN HEALTHCARE, d/b/a | ) |
| NORTH RIDGE VILLAGE NURSING | ) |
| and REHABILITATION CENTER, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion in limine and brief in support filed by Plaintiff Ashley Eggl on December 22, 2020 (ECF Nos. 65 and 66). Defendant Chosen Healthcare filed a response in opposition to the motion on January 19, 2021 (ECF No. 70). Eggl did not file a reply brief and so the motion is ripe for ruling. For the reasons explained below, the motion is DENIED.

**DISCUSSION**

Ashley Eggl alleges that she was fired from her employment as a Certified Nursing Assistant at Chosen Healthcare in violation of her rights under the Family and Medical Leave Act. Eggl asserts that she was attempting to take leave under the FMLA for the birth of her child when she was fired. Chosen Healthcare contends that Eggl was terminated because Chosen had received a complaint (known internally as a "Concern Report") that Eggl had mistreated a resident in the nursing and rehabilitation facility in which she worked. Eggl denied the allegations of mistreatment and alleges that the real reason she was fired was because she was exercising her rights under the FMLA.

In her motion in limine, Eggl seeks to prevent Chosen Healthcare from introducing any evidence about the Concern Report and argues that Chosen should not be allowed to present its defense that it fired her for a legitimate, nondiscriminatory reason. Eggl presents two arguments in support of her motion. First, she asserts that Chosen never disclosed the name of the resident or the resident's daughter in its initial disclosures or during discovery and as a result should be precluded from presenting any evidence regarding the Concern Report, the allegations therein, or Chosen's investigation. Second, Eggl argues that the Concern Report is inadmissible hearsay. Eggl contends that the Court should:

> [I]nstruct the parties, counsel, and the parties' respective witnesses to refrain from mentioning, in any manner whatsoever, and to prohibit the jury from hearing and/or considering in any manner whatsoever, the following matters, facts, evidence, and argument which Plaintiff maintains should be deemed inadmissible at trial:
>
> 1. Testimony, evidence, reference to, and/or argument that the Defendant received a complaint alleging that the Plaintiff had abused or mistreated one of its residents, and the contents of the alleged complaint should be deemed inadmissible evidence due to the Defendant's failure to comply with its disclosure obligations under FRCP 26(a)(1).
>
> 2. The testimony and documents containing and/or referencing accusations of abuse and/or mistreatment against the Plaintiff, should be excluded from evidence at trial because the accusations and their contents are inadmissible hearsay, prohibited by Federal Rule of Evidence 801.
>
> 3. The Defendant should be precluded from relying upon the "good faith, honest belief" defense at trial, for lack of admissible evidence or admissible testimony to support that defense.

Plaintiff's Motion in Limine (ECF No. 65), p. 1. Eggl attached documents in support of her motion, including an affidavit from Ilene M. Smith, one of Eggl's attorneys, and copies of Chosen's responses to discovery requests. These documents show that Chosen did not reveal the

2

identity of the resident Eggl allegedly mistreated, or the resident's daughter, who lodged the complaint, in its Rule 26 initial disclosures or in its discovery responses. Consequently, Eggl argues that Chosen should not be permitted to introduce any evidence of the allegations of abuse:

> Testimony, evidence, references to and/or argument of the alleged existence of the accusations and substance of the alleged accusations, should be excluded from trial, because accusations of abuse and/or mistreatment are highly inflammatory accusations, allegedly received from two key witnesses whose names and relevant contact information was never addressed in the Defendant's 26(a)(1) disclosures or during Discovery, although the Defendant lacked substantial justification to withhold their names and contact information, and the Defendant's failure to disclose the witness information will be unfairly prejudicial to the Plaintiff at trial.

Plaintiff's Memorandum in Support of Motion in Limine (ECF No. 66), p. 2. Eggl insists that Chosen "knows the names of the resident's daughter and the resident in question, and likely both individual's last known and/or current contact information, hence the Defendant cannot claim ignorance as justification for failing to include the witnesses' information in the Defendant's 26(a)(1) disclosures." *Id*., p. 3. Finally, Eggl argues that the Concern Report and the allegations contained in it are inadmissible hearsay. Eggl asserts that:

> The Defendant's only evidence that accusations against the Plaintiff, and the specifics of the accusation, will be second hand testimony of the Defendant's management or employees about the allegations and what they consisted of, and the Defendant's notes and documents that contain only second hand repetition of what the Defendant now claims were statements or partial statements by the unnamed resident and her unnamed daughter regarding the supposed abuse or mistreatment. The actual witnesses' statements were not made under oath, they were made outside of court, and the two nameless witnesses have been rendered unavailable for trial by the Defendant's failure to disclose their names and contact information to the Plaintiff.

*Id*., p. 7. As a result of all this, argues Eggl, Chosen should not be allowed to present its defense that it fired Eggl for a nondiscriminatory reason because "[t]he only evidence to support a 'good faith, honest belief' defense in this case . . . will be the accusations and their contents, which for

3

the previously discussed reasons are inadmissible at trial." *Id*., pp. 7-8.

In response, Chosen Healthcare contends that Eggl has been aware of the identity of the resident and that the Concern Report had been lodged by that patient's daughter since the very beginning, when Chosen launched an immediate investigation into the allegations. Chosen also argues that the Concern Report is *not* hearsay because: 1) it is not being offered to prove the truth of the allegations of patient abuse, but rather to show that Chosen *believed* that the Concern Report warranted Eggl's termination; and 2) the Report is a business record and therefore admissible under Fed.R.Evid. 803(6) as an exception to the hearsay rule.

**I. Disclosure of resident and daughter identities.**

Chosen argues that Eggl's assertion that the company failed to reveal the resident's or her daughter's name and contact information is baseless, if not disingenuous. Chosen states as follows:

> Plaintiff's Motion in Limine should be denied for several reasons. First, Plaintiff seeks to exclude the Abuse Reports[1] and all related evidence because it claims the name of the resident and the resident's daughter were not disclosed. Plaintiff does not assert [she] was unaware of the Abuse Reports; in fact, the resident's complaint is referenced in Plaintiff's Amended Complaint (Dkt. 16). Plaintiff was clearly aware of the Abuse Reports before initiating this action. Additionally, Chosen produced documentary evidence related to the Abuse Reports in discovery. Plaintiff cites no authority for the proposition that all evidence related to a complaint–evidence that she was aware of throughout this litigation and received in discovery–should be excluded because Plaintiff alleges (falsely) that

---

[1] The parties refer to the initial complaint lodged by the resident's daughter as a "Concern Report" (*see* Defendant's Brief in Support of its Motion for Summary Judgment (ECF No. 24), p. 1). In its brief in opposition to Eggl's motion in limine, Chosen uses the term "Abuse Reports," explaining that "[t]he verbal complaints to Chosen from the resident and the resident's daughter and the business records prepared by Chosen in response are hereafter collectively referred to as the "Abuse Reports." Defendant's Response to Plaintiff's Motion in Limine (ECF No. 70), p. 1. Eggl's motion seeks to exclude *all* evidence regarding the abuse allegations, including the initial complaint and all of Chosen's documents related to its investigation of those allegations.

> she does not know the identity of the complaining party.
>
> Second, contrary to the assertions in her Motion in Limine, Plaintiff has known the identity of the resident throughout this litigation and even knew the identity of the resident before her employment was terminated. Additionally, Plaintiff never requested the identity of the resident or the resident's daughter in written discovery and took no depositions in which the information could have been sought. Plaintiff argues prejudice because she has been denied the identity of the resident and the resident's daughter. In fact, she has known the identity of the resident all along and never requested any information regarding the resident or the resident's daughter. Plaintiff cannot be permitted to weaponize her own failure to seek discovery on this issue to exclude key evidence in this matter.

Defendant's Response to Plaintiff's Motion in Limine (ECF No. 70), pp. 1-2. Chosen elaborates as follows:

> On April 12, 2019, Plaintiff filed Plaintiff's First Amended Complaint (Dkt. 16). Both the Complaint and Plaintiff's First Amended Complaint contained the following paragraph:
>
>> Around October 6, 2017, Plaintiff received a telephone call from Defendant's HR representative who indicated that a resident and/or family member complained that Plaintiff had made the resident use a bedpan. Plaintiff replied that she and all CNA's on third shift had *that particular resident* use a bed pan because she was so unstable and unable to bear weight.
>
> Plaintiff's Complaint, ¶ 8; Plaintiff's First Amended Complaint, ¶ 8 (emphasis added).
>
> This allegation in the Complaint and First Amended Complaint makes clear that Plaintiff knew the identity of the resident at the time she was first informed of the complaint from the resident and resident's daughter. Specifically, Plaintiff asserted in her Complaint and Amended Complaint that on October 6, 2017, a Chosen human resources representative telephoned her and informed her of a resident complaint regarding use of a bedpan. Plaintiff further asserted that in response she told the HR representative that particular resident used a bedpan because she was "so unstable and unable to bear weight." Clearly, Plaintiff knew the identity of the resident at the time of the October 6, 2017 telephone call with the HR representative. She discussed the resident with the HR representative and even demonstrated knowledge of the resident's medical condition and how it impacted her care (i.e., saying the resident was "unstable and unable to bear

5

    weight").

*Id*., pp. 3-4. Chosen insists that "[l]ong before she filed her Complaint in August 2018, Plaintiff knew the identity of the resident, knew the resident or her family member filed a complaint against her, and knew her employment was terminated as a result of the complaint." *Id*., p. 4.

    Chosen further argues that Eggl never *asked* for the names of the resident or her daughter during discovery. Chosen explains as follows:

> Plaintiff's Written Discovery included requests for production of documents. Request for Production No. 11 through 14 sought documents related to the complaint and its investigation. Each of those requests concluded with the statement, "(The resident/client's identifying information may be redacted. Please leave the first initial of the resident/client's first and last name.)." (See Exhibit 1.) As a result, Plaintiff's own written discovery requests directed Chosen to omit the resident's name.
>
> Finally, Plaintiff took no depositions in discovery in this case. As with written discovery, a deposition would have provided an opportunity to request the names of the resident and the resident's family member, as well as additional information regarding their complaints. Plaintiff did not bother to depose any witnesses to obtain such information, but now wants the information excluded claiming it was improperly denied to her.

*Id*., p. 5. For these reasons, Chosen contends that Eggl knew from the outset the identity of the resident/patient who claimed she was mistreated and that the resident's daughter had submitted a complaint about the alleged mistreatment. In her discovery requests, Eggl expressly stated that Chosen could redact the resident's full name in its responses. Also, Chosen notes that Eggl even named the resident during her deposition:

> Plaintiff testified during her deposition that on October 6, 2017, Heather Willett, a Chosen HR representative, telephoned her and told her that a resident and the resident's family member had made a complaint against her. Plaintiff testified that once Ms. Willett noted the complaint concerned use of a bedpan, Plaintiff explained to Ms. Willett that the resident–and at this point in the deposition Plaintiff mentioned the resident's first name–was the only resident on third shift

> who used a bedpan. When asked by counsel for Chosen if she knew the resident's last name, Plaintiff balked, saying she could not provide it "because of HIPAA." When prompted by counsel, Plaintiff then identified the resident's last name in her deposition. A redacted portion of Plaintiff's deposition testimony is attached as Exhibit 2 (see p. 80, lines 2-25).

*Id*., pp. 5-6. Finally, Chosen emphasizes that Eggl's attempt to exclude evidence of the Concern Report is disingenuous and that she is attempting "to weaponize her own failure to seek discovery on this issue to exclude key evidence in this matter." *Id*., p. 2. Chosen insists that Eggl cannot claim that she has been prejudiced by the alleged failure of Chosen to identify the resident or her daughter:

> There are clearly no surprises here for Plaintiff. [*Rybolt v. Carrington Mortg. Servs., LLC (In re Rybolt*), 550 B.R. 422] at 427 [(N.D. Ind. 2016)] ("the failure to disclose is harmless if the other party was aware of the identity and the scope of the unidentified witness's relevant knowledge."). Plaintiff's Complaint and Amended Complaint make clear that she knew the identity of the resident and that a complaint of abuse had been filed against her even before her employment was terminated. Plaintiff identified the resident by first and last name in her deposition. Plaintiff's document production discusses her interactions with the resident in significant detail and includes a map showing the location of the resident's room in the facility. In short, Plaintiff alleges a failure to disclose information she possessed throughout this litigation. Indeed, Plaintiff alleges a failure to disclose information described in her own Complaint and Amended Complaint.

*Id*., p. 10. Chosen concludes its argument on this issue by stating as follows:

> Plaintiff claims she does not know the resident's name because it was not disclosed to her and even if she knew the name at one time it was "long ago lost from her memory due to the passage of time." (Dkt. 66, p. 6.) Plaintiff's employment was terminated in October 2017 and she was deposed two years later in October 2019. Contrary to the assertion in the Motion in Limine that Plaintiff only "hypothetically" guessed at a first name, Plaintiff's deposition testimony correctly identified the resident by both first and last names. Plaintiff clearly remembered the resident's name two years after her termination in October 2019. To the extent Plaintiff now claims to have forgotten the name, she can be reminded by reading her deposition transcript. Of course, the issue could have been avoided entirely if Plaintiff simply requested the name in her written

7

>discovery requests served two years ago or had taken a deposition in which she
>requested the information.

*Id*., p. 8.

The Court agrees that Eggl's argument that all evidence of the Concern Report and alleged mistreatment should be deemed inadmissible on the grounds that the identities of the resident and her daughter were not revealed to Eggl is unavailing. The record indicates, as Chosen contends, that Eggl knew the identity of the resident even before she was terminated. The record also indicates that Eggl did not specifically seek this information, either through discovery requests or a motion to compel. Accordingly, Eggl cannot establish that she has been prejudiced by what she argues was Chosen's failure to produce that information.

**II. Hearsay issue.**

As for Eggl's argument that the Concern Report is inadmissible hearsay, Chosen insists that this argument is a red herring, because the evidence is not being offered to prove the truth of the allegations contained therein. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) *a party offers in evidence to prove the truth of the matter asserted in the statement*." Fed.R.Evid. 801(c) (italics added). Chosen argues that "[t]he Abuse Reports fall outside of the definition of hearsay because they are not offered for the truth of the matter asserted in the documents. In other words, Chosen does not intend to use the Abuse Reports at trial to prove that Plaintiff did indeed abuse the resident. To the contrary, the Abuse Reports will be used to demonstrate Chosen's legitimate, nondiscriminatory reason for terminating Plaintiff's employment." Defendant's Response to Plaintiff's Motion in Limine (ECF No. 70), p. 11. Chosen cites several cases in support of this argument (*see id*., p. 11), which is

8

fundamental: "An out-of-court statement offered to prove the truth of the matter asserted is generally inadmissible hearsay. . . . Conversely, an out-of-court statement is not hearsay–and is generally admissible–if it is not offered to prove the truth of the matter asserted. Whether a particular out-of-court statement is inadmissible hearsay 'will most often hinge on the purpose for which it is offered.'" *Lovelace v. McKenna*, 894 F.3d 845, 849 (7th Cir. 2018) (quoting *United States v. Linwood*, 142 F.3d 418, 425 (7th Cir. 1998)) (additional internal citations omitted). In the present case, Chosen intends to present evidence of the allegations of abuse lodged against Eggl *not* to prove they are true (that is irrelevant), but to prove that Chosen had a legitimate, nondiscriminatory reason for terminating her after receiving and investigating those allegations. Therefore, the challenged evidence is admissible. Chosen argues that "[t]he Abuse Reports are not hearsay because they are not offered to prove Plaintiff actually abused the resident. Rather, they are offered to demonstrate that the complaint was made and it formed the basis of the termination decision." *Id*., p. 12.

Finally, Chosen argues that the challenged evidence, even if it were hearsay, would be admissible as a business record:

> Even if the Abuse Reports were hearsay, however, they would still be admissible as records kept in the normal course of business under Fed.R.Evid. 803(6), Records of a Regularly Conducted Activity. The Abuse Records were prepared at or near the time of the abuse and based on information provided by the resident, the resident's daughter and Chosen's investigation. The records were kept within the normal course of business and as a regular practice of Chosen. Chosen will be able to properly authenticate the records at trial. As a result, even if they were hearsay (which they are not), the records are admissible under Rule 803(6).

Defendant's Response to Plaintiff's Motion in Limine, p. 12. The Court agrees that the challenged evidence is *not* hearsay, as it is not being offered to prove the truth of the allegations

of mistreatment, and also agrees that the evidence, even if it were hearsay, would be admissible in this case under the business records exception to the hearsay rule. For all of these reasons, the evidence is admissible at trial and the jury may consider it when deciding the sole issue in this case: whether Chosen Healthcare's proffered, nondiscriminatory reason for terminating Eggl was legitimate or pretextual.

## CONCLUSION

For the reasons set forth above, the Motion in Limine filed by Plaintiff Ashley Eggl (ECF No. 65) is DENIED.

Date: January 29, 2021.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
